UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, MATTHEW POND, and MATT THOMAS,<br><br>Defendants. | Case No. 1:23-cv-00428-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Jack Christopher Carswell's Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Carswell's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Carswell's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court finds that Carswell's submissions are insufficient for the Court to determine whether he may proceed in forma pauperis. However, even if Carswell's submissions were sufficient to determine his indigency, it is clear that his complaint is an attempt to remove to federal court an ongoing state criminal proceeding. Under the *Younger* Abstention Doctrine, federal courts must refrain from

exercising jurisdiction over such matters. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Therefore, the Court DISMISSES this case WITH PREJUDICE.

## II. APPLICATION TO PREOCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Carswell's Application to Proceed In Forma Pauperis and finds that he has not provided sufficient detail for the Court to determine whether he is able to pay the required fee. Carswell states that he receives $165 in monthly income and that he has no savings. Dkt. 1, at 2–3. Nevertheless, he failed to list any monthly expenses or assets, as requested on the Application form. *Id.* at 4. Without any definitive statement regarding Carswell's expenses and assets, the Court is unable to determine what kind of fee, if any, is appropriate for him. If Carswell's complaint did not suffer from more serious shortcomings, the Court would grant him leave to file an amended application, stating his

income and expenses with greater "particularity, definiteness and certainty." *McQuade*, 647 F.2d at 940. However, for the reasons explained below, doing so here is unnecessary.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). It must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Carswell states that he is removing this action from a state court in Washington County, Idaho. Dkt. 2, at 1–2. He also refers to this action as a counterclaim against two law enforcement officers. *Id.* From these statements, the Court concludes that Carswell is seeking to remove to federal court an ongoing state criminal prosecution against him. Such a course of action is barred under the *Younger* Abstention Doctrine. Under

*Younger*, except in exceptional circumstances too few to name here, federal courts must abstain from exercising jurisdiction over claims implicating ongoing state proceedings. *Younger*, 401 U.S. at 43–44. The Supreme Court has specifically stated that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Jacobs*, 571 U.S. at 78.

Because the Court cannot lawfully exercise jurisdiction over Carswell's claim, it finds that Carswell has not pleaded facts sufficient to show a plausible claim for relief. His claim, therefore, fails under 28 U.S.C. § 1915(e)(2)(B)(ii). Further, there is no apparent way that an amendment to the claim could remedy its deficiencies. Thus, the claim is DISMISSED WITH PREJUDICE and this case is CLOSED.

## IV. CONCLUSION

Carswell has not stated his indigency with enough specificity for the Court to determine the propriety of allowing him to proceed in forma pauperis. More importantly, Carswell has failed to state a claim upon which the Court may grant relief. If Carswell would like to raise concerns regarding officer conduct or bring a counterclaim, he must do so before the state court.

## V. ORDER

1. This case is DISMISSED WITH PREJUDICE and CLOSED.

DATED: January 22, 2024

_____
David C. Nye
Chief U.S. District Court Judge